THIS OPINION HAS NO
 PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY
 PROCEEDING EXCEPT AS PROVIDED BY RULE 239(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
 In the Matter
 of the Care and Treatment of Eric Passmore, Appellant.
 
 
 

Appeal from Greenville County
 Larry R. Patterson, Circuit Court Judge
Unpublished Opinion No. 2009-UP-037
Submitted January 2, 2009  Filed January
 15, 2009
AFFIRMED

 
 
 
 Appellate Defender LaNelle C. DuRant, for Appellant.
 Attorney General Henry Dargan McMaster, Chief Deputy Attorney
 General John W. McIntosh, Assistant Attorney General Deborah R.J. Shupe, Assistant
 Attorney General R. Westmoreland Clarkson, and Assistant Attorney General
 William Blitch, all of Columbia, for Respondent.
 
 
 

PER CURIAM:  Eric Passmore appeals his commitment to the South 
Carolina Department of Mental Health as a sexually violent predator. Passmore argues the trial court erred in allowing the
 States witness to testify to the factual allegations of Passmores criminal
 sexual conduct with a minor charge when Passmore pled guilty to the
 lesser-included offense of committing a lewd act on a minor.  We affirm[1] pursuant to Rule 220(b)(1), SCACR, and
 the following authorities:  State v.
 Pittman, 373 S.C. 527, 577, 647
 S.E.2d 144, 170 (2007) (The admission of evidence is within the discretion of
 the trial court and will not be reversed absent an abuse of discretion. 
 An abuse of discretion occurs when the conclusions of the trial court either
 lack evidentiary support or are controlled by an error of law.); State v. Robinson, 305 S.C. 469, 474, 409 S.E.2d 404,
 408 (1991) (stating a party cannot complain of prejudice from evidence to which
 he opened the door); State v.
 Stroman, 281 S.C. 508, 513, 316 S.E.2d 395, 399 (1984) (holding when a
 party introduces evidence of a particular matter, the other party is entitled
 to introduce evidence to explain or rebut it, even though the latter evidence
 would have been incompetent or irrelevant had it been offered initially); State
 v. Culbreath, 377 S.C. 326, 333, 659 S.E.2d 268, 272 (Ct. App. 2008) ([A]
 defendant may open the door to what
 would be otherwise improper evidence through his own introduction of evidence
 or witness examination.);  Floyd v. Floyd, 365 S.C. 56, 92, 615 S.E.2d
 465, 484 (Ct. App. 2005) (holding the door-opening doctrine applies not
 only in a criminal law context, but in a civil context as well).  
AFFIRMED. 
HUFF,
 THOMAS, and LOCKEMY, JJ., concur.

[1] We decide this case without oral argument pursuant to
 Rule 215, SCACR.